In the Matter of the Application of JOHN C. OBERG-FELL, Appellant, for an Order Directed to THOMAS S. CHESHIRE, Constituting the Board of Elections of Nassau County.

WILLIAM J. DALTON et al., Respondents.

(Submitted December 1, 1924; decided December 9, 1924.)

Motion for re-argument denied, with ten dollars costs and necessary printing disbursements. (See 239 N. Y. 48.)

---

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. CHARLES H. HOPKINS, Respondent.

*Appeal — Court of Appeals without jurisdiction to review decision of Appellate Division reversing judgment of Children's Court.*

*People* v. *Hopkins*, 208 App. Div. 438, appeal dismissed.

(Argued November 26, 1924; decided December 16, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 11, 1924, which reversed a judgment of the Cortland County Children's Court convicting the defendant of a violation of subdivision 1 of section 483 of the Penal Law and directed the discharge of defendant.

*Carl Sherman, Attorney-General, Albert Haskell, Jr., District Attorney* (*Irving I. Goldsmith* and *Edward G. Griffin* of counsel), for appellant.

*Elmer L. Thompson* for respondent.

Appeal dismissed; no opinion. (See 151 N. Y. 54.)

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, ANDREWS and LEHMAN, JJ. Absent: CRANE, J.

---

JOSEPH J. MARGOLIN, Appellant, v. MORRIS WIENER, Respondent.

*Partnership — accounting — release — action to set aside general release executed on dissolution of partnership and for accounting.*

*Margolin* v. *Wiener*, 208 App. Div. 802, affirmed.

(Submitted November 26, 1924; decided December 16, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered April 4, 1924, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term. The action was brought to set aside a general release, made and delivered by the plaintiff to the defendant at the time of the dissolution of their partnership, and to compel the defendant to account for the value of a lease taken by the defendant on the premises which were formerly occupied by the parties as partners and " the good will of the business."

*William Macy* and *Sol Friedland* for appellant.
*Irwin J. Sikawitt* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, ANDREWS and LEHMAN, JJ. Absent: CRANE, J.

---

AGAPITO VASQUEZ, as Administrator of the Estate of MAXIMILIANO SANCHEZ, Deceased, Respondent, *v.* PANAMA RAILROAD COMPANY, Appellant.

*Negligence — master and servant — jurisdiction — action to recover for death of seaman killed on board vessel in New York harbor.*

*Vasquez v. Panama R. R. Co.*, 208 App. Div. 740, affirmed.
(Submitted November 26, 1924; decided December 16, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 12, 1924, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant, his employer. Intestate was killed by an electric shock while working on one of defendant's ships at the time on a floating drydock at Staten Island. The action was instituted under the Federal statute (41 Stat. 1007, § 33), amending section 20 of the Seaman's Act (38 Stat. 1185) so as to make applicable to seamen, or their dependents in case of death, the provisions of the Federal Employers' Liability Act.